IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:12-CR-00068-M
Case No. 7:23-CR-00039-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS TERRELL BURNEY,

    Defendant.

ORDER

This matter comes before the court on Defendant's letter dated March 1, 2024, construed by the court as a pro se motion for a detention hearing and to plead not guilty. DE 43, 175. Defendant is represented by counsel, and the court is under no obligation to consider documents filed pro se by a represented party. *See United States v. Hammond*, 821 F. App'x 203, 207 (4th Cir. 2020) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) and *United States v. Carranza*, 645 F. App'x 297, 300 (4th Cir. 2016)).

Notably, however, Defendant asserts that when he asked for his prior counsel to be "removed," he "never asked for another lawyer" and "had intentions o[f] proceeding pro se." This is the first time Defendant has informed the court of such intention, which is inconsistent with his prior counsel's representation to the court, "Defendant Burney requests that undersigned counsel withdraw and that replacement counsel be appointed." Mot., DE 36. The court granted this typical and reasonable request, and Geoffrey Hosford has been appointed to represent Defendant following prior counsel's withdrawal. DE 38.

This is not the first time Defendant has asserted inconsistent information and "demands" to the court. Here, Defendant contends that he has "asked for a speedy trial, but [he] can't even get arraigned." However, Defendant, through his counsel, filed a pretrial motion to dismiss based on an alleged speedy trial violation and a pretrial motion to suppress, which the court heard in November 2023. After the court ruled on these motions, it scheduled the Defendant's arraignment at the next term of court in December 2023, but Defendant requested a continuance because his counsel was "awaiting supplemental discovery from the government and need[ed] additional time to coordinate visitation, review, investigat[ion], [and] discuss[ion] with client, and the government." DE 35.

For good cause shown, the court granted the motion and rescheduled the arraignment for January 2024. At that time, however, Defendant terminated his counsel; a new attorney, Mr. Hosford, was appointed; and the court rescheduled the arraignment to February 2024 to permit Mr. Hosford sufficient time to meet with Defendant and review the case. Mr. Hosford then sought a continuance because he underwent surgery just prior to the scheduled arraignment. DE 41. The court granted a continuance to its March 26, 2024 term of court. Despite Defendant's protestations, the court finds there has been no undue delay in this case. Notably, though, Defendant expresses both confusion as to whether he is currently represented and his "intention" to proceed pro se. At this time, Mr. Hosford represents and speaks for Defendant; however, the court will hear from Defendant regarding this matter at the next scheduled hearing.

Defendant also requests another detention hearing, asserting that he has "newly discovered evidence" in this case, but he fails to identify it. On September 13, 2023, Defendant and his counsel appeared before the Honorable James E. Gates for a detention hearing. DE 19. After

2

Case 7:23-cr-00039-M-KS   Document 45   Filed 03/20/24   Page 2 of 3

probable cause was found, Defendant chose to waive his detention hearing. DE 19, 20. The court finds no basis on which to grant another detention hearing.

Finally, Defendant "mo[ves] for a not guilty plea" and states that he "do[es] not wish to have a formal arraignment anymore." While a criminal defendant may waive his or her personal appearance at a scheduled arraignment, the proceeding itself cannot be waived. *See Hendrickson v. United States*, No. 1:15-CR-95-MOC-DLH-1, 2018 WL 1652097, at *5 (W.D.N.C. Apr. 5, 2018) ("An arraignment is required on every indictment and superseding indictment.") (citing *Hamilton v. Alabama*, 368 U.S. 52, 55 (1961)). Defendant's motion is DENIED WITHOUT PREJUDICE to defense counsel's ability to re-file appropriate requests on Defendant's behalf.

SO ORDERED this 20th day of March, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE