IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CR-00039-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS TERRELL BURNEY,

    Defendant.

ORDER

    These matters come before the court on Defendant's pro se motion to appoint new counsel [DE 92] and J. Merritt Wagoner's motion to withdraw [DE 93]. The court heard these matters at the previously scheduled pretrial conference on May 15, 2025.

    In his motion for new counsel, Defendant contends that Mr. Wagoner failed to follow his instructions concerning an expert for Defendant's second motion to suppress evidence seized from his vehicle, which underlies the current charge of felon in possession of a firearm. Defendant claims that Mr. Wagoner "forged an affidavit" for an expert on which Defendant relied in support of the suppression motion.

    Mr. Wagoner counters in his motion that Defendant's accusation is false, that he followed proper procedure in preparing the expert's affidavit, and that the accusation has caused the attorney-client relationship to become "significantly deteriorated."

    At the hearing, Mr. Wagoner further clarified how he handled the expert affidavit and Mr. Burney explained why he believed the statements in the affidavit were contradictory and, therefore,

unfavorable to his suppression position. Having heard the arguments and reviewed the record, the court makes the following findings and conclusions:

1. The court finds as a fact that the information provided by Mr. Wagoner is credible, reliable, and consistent with his behavior before this court. I accept in its entirety the statement made by Mr. Wagoner about the preparation of the expert's affidavit. I also further find that that is how expert witness affidavits are handled routinely. It was well within the bounds of professional responsibility and propriety.

2. Mr. Wagoner's motion to withdraw [DE 93] is GRANTED. His defense of his reputation and his concerns regarding the status of the attorney-client relationship having been irrevocably damaged are well founded.

3. The Defendant clarified during the hearing that he does not want to represent himself and has withdrawn the *Faretta* portion of his motion. The court will GRANT IN PART Defendant's motion [DE 92] with respect to his request to appoint a new lawyer. The Office of the Federal Public Defender is directed to appoint a new lawyer to represent the Defendant in this matter.

4. The portion of Defendant's motion [DE 92] asking to reopen detention is DENIED.

5. To permit new defense counsel to confer with Defendant and adequately prepare his defense, the trial currently scheduled to commence on May 20, 2025 is CONTINUED. The court has determined that the ends of justice served by continuing the trial outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by continuing the trial shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7).

6. Counsel for the United States shall confer with new defense counsel and provide the court's case manager with proposed trial dates.

7. New counsel will be the fourth attorney appointed to represent the Defendant. The court will entertain no further requests by Defendant for the appointment of counsel in this case.

8. The United States' motion in limine [DE 86] is GRANTED. The facts and arguments encompassed by Defendant's motions to suppress have been fully and fairly litigated and the court has made the appropriate rulings. Putting these issues before a jury would violate Rules 401 and 403 of the Federal Rules of Evidence by unduly prolonging the trial in a way that is likely to mislead the jury as to issues properly before it.

SO ORDERED this 15th day of May, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE