IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:23-CR-00039-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS TERRELL BURNEY,

    Defendant.

ORDER

This matter comes before the court on a letter filed by Defendant and construed, in part, as a request for issuance of six trial subpoenas [DE 114]. Defendant identifies the witnesses he seeks to subpoena by name, but this information is insufficient for issuance and service of four of the requested subpoenas. Accordingly, the motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

Rule 17(b) of the Federal Rules of Criminal Procedure governs the issuance of witness subpoenas requested by an indigent defendant. The rule requires that the court issue a subpoena for a named witness "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). In the present motion, Defendant identifies two of the United States' witnesses, Joshua Akers and Jorge Fernandez, for issuance of trial subpoenas. The record reflects that Deputy Akers and Officer Fernandez were both present at the Defendant's traffic stop, at which the subject firearm was located upon a search of Defendant's vehicle. The court finds this information sufficient to demonstrate "the necessity of [these witnesses'] presence for an adequate defense," and grants the motion in this respect. The

Clerk of the Court shall issue subpoenas for Deputy Joshua Akers and Officer Jorge Fernandez, and the U.S. Marshal shall serve the subpoenas, as authorized by Rule 17(b).

Defendant also identifies April Perry, Bailey Bertolani, Phillip Moore, and Tom Stroka as witnesses he seeks to subpoena for trial. However, Defendant provides no information concerning the "necessity" of these witnesses' testimony for his defense. Moreover, Defendant fails to demonstrate that, at this time, he is unable to pay the witness fees for these individuals. Thus, the motion is denied without prejudice as to his requests regarding Perry, Bertolani, Moore, and Stroka. *See United States v. Gripper*, 122 F. App'x 15, 17 (4th Cir. 2005) ("An indigent party seeking a Rule 17(b) subpoena must allege facts that, if true, demonstrate 'the necessity of the requested witness' testimony.'") (citing Fed. R. Crim. P. 17(b)).

SO ORDERED this 17th day of October, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE